Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorney for Plaintiff
JOSEPH ALLISON

# IN THE UNITED STATES DISTRICT COURT,
## DISTRICT OF ARIZONA

| | |
|---|---|
| JOSEPH ALLISON, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| REGENT ASSET MANAGEMENT SOLUTIONS, INC. | |
| Defendant. | |

## COMPLAINT

JOSEPH ALLISON (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against REGENT ASSET MANAGEMENT SOLUTIONS, INC. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the state of Arizona, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in the city of Phoenix, Maricopa County, Arizona and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with its headquarters in Denver, Colorado.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places calls to Plaintiff seeking and demanding payment for an alleged consumer debt owed on US Bank overdraft fees.

12. Defendant constantly and continuously places collection calls from the number (866) 809-6415 seeking and demanding payment for the alleged consumer debt.

13. Defendant places collection calls before 7:30 am seeking and demanding payment.

14. Defendant places collection calls to Plaintiff's place of employment despite having knowledge that Plaintiff cannot accept such calls.

15. Defendant has placed up to six collection calls in a single day.

16. Defendant failed to provide Plaintiff with a 30 day validation notice letter.

17. Defendant threatened to garnish Plaintiff's wages while seeking and demanding payment for the alleged consumer debt. To date, no wages have been garnished.

18. Defendant accused Plaintiff of committing a crime and threatened Plaintiff with jail time while seeking and demanding payment for the alleged consumer debt.

19. Defendant threatened to seize Plaintiff's assets while seeking and demanding payment.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant Violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

    b. Defendant Violated *§1692c(a)(3)* of the FDCPA by contacting Plaintiff at his place of employment despite having knowledge that Plaintiff cannot accept such calls.

    c. Defendant Violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    d. Defendant Violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

    e. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of callers identity.

    f. Defendant Violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.

    g. Defendant Violated *§1692e(2)* of the FDCPA by misrepresenting the character, amount, and legal status of the alleged debt.

    h. Defendant Violated *§1692e(4)* of the FDCPA by threatening that the nonpayment of the alleged consumer debt will result in seizure or garnishment.

    i. Defendant Violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

    j. Defendant Violated *§1692e(7)* of the FDCPA by threatening that the consumer had committed a crime in order to disgrace the consumer.

    k. Defendant violated *§1692e(10)* of the FDCPA by engaging in deceptive means to collect a debt or obtain information about a consumer.

    l. Defendant violated *§1692f* of the FDCPA by engaging in unfair practices and unconscionable means to collect or attempt to collect an alleged debt.

WHEREFORE, Plaintiff, JOSEPH ALLISON, respectfully requests judgment be entered against Defendant, REGENT ASSET MANAGEMENT SOLUTIONS, INC.., for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOSEPH ALLISON, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

Dated: February 10, 2010    By:/s/Ryan Lee
Ryan Lee, Esq.
KROHN & MOSS, LTD.
Attorneys for Plaintiff,
JOSEPH ALLISON

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, JOSEPH ALLISON, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JOSEPH ALLISON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 2-5-10                    _____
                                        JOSEPH ALLISON